**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3846
_____

UNITED STATES OF AMERICA,

v.

JOSE ALMESTICA,

<u>Appellant</u>
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 3-10-cr-00057-001)
District Judge: Hon. Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2012

BEFORE: CHAGARES, JORDAN and COWEN , <u>Circuit Judges</u>

(Filed May 18, 2012)
_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

     Jose Almestica challenges the denial of his motion to suppress by the District

Court of the Virgin Islands.  We will affirm.

## I.

On August 7, 2010, Virgin Islands police officers purportedly observed Almestica driving a motor vehicle without wearing a seatbelt, and they accordingly initiated a traffic stop. Officers ultimately found a handgun magazine in his back pocket as well as a Glock .45 handgun covered by a jacket on the car's backseat (with the butt of the weapon sticking out from under the jacket). Furthermore, Almestica was both verbally and physically belligerent, and he was ultimately placed under arrest.

Almestica subsequently filed a motion to suppress. Following an evidentiary hearing, the District Court denied his motion. Almestica then entered a conditional guilty plea to Count One (being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)) of the indictment, and the District Court ultimately sentenced him to a term of imprisonment of 37 months.

## II.

Almestica contends that the District Court erroneously determined that the officers had reasonable suspicion to stop his vehicle.[1] We agree with the District Court that the officers properly pulled him over because they observed what reasonably appeared to them to be a violation of Virgin Islands traffic law. See, e.g., United States v. Delfin-Colina, 464 F.3d 392, 398 (3d Cir. 2006) ("In other words, an officer need not be

---

[1] The District Court possessed subject matter jurisdiction over this criminal proceeding pursuant to 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's factual findings for clear error and exercise plenary review over the District Court's application of the law to these facts. See, e.g., United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

factually accurate in her belief that a traffic law had been violated but, instead, need only produce facts establishing that she reasonably believed that a violation had taken place."); United States v. Moorefield, 111 F.3d 10, 12 (3d Cir. 1997) ("It is well-established that a traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations." (citations omitted)). On approaching the vehicle, Officer Francois saw that the seatbelt was actually engaged—but with the shoulder restraint under Almestica's shoulder. As the District Court also noted, it may have been a mistake to issue a citation for failing to use a safety device because no such offense appears to exist. However, the District Court properly observed that Virgin Islands law does state that "[n]o person may operate a motor vehicle unless the operator and any passenger in the front seat of the vehicle are restrained by a lap and *shoulder* restraint where provided by the vehicle manufacturer which crosses over the hip and pelvis." V.I. Code Ann. tit. 20, § 466(b) (emphasis added). In any case, the District Court appropriately found that the stop itself "was occasioned after Officer Francois observed the defendant not wearing a seatbelt" and further called into question "whether the defendant could have, after the stop, applied that seatbelt." (JA117-JA118.)

Officer Francois testified that, while he approached the vehicle, he saw Almestica throw an object into the backseat. He also knew that this individual (who lived in his neighborhood) had previously been arrested for attempted murder and gun possession (and among other things, the officer had actually arrested Almestica for the firearm offense itself after a previous traffic stop for a seatbelt violation). Under the

circumstances, it was appropriate to remove Almestica from the vehicle and conduct a pat-down for weapons.  See, e.g., Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) (per curiam) (holding that, once vehicle was lawfully detained, officer may order driver to step out of vehicle and, if officer reasonably concludes driver might be armed and presently dangerous, may then conduct pat-down).  Given that a magazine clip was then found in Almestica's pocket and that Almestica himself became belligerent and tried to reach for his vehicle, we must also reject his claim that there was no probable cause to arrest him.

III.

Because we conclude that the District Court properly denied the motion to suppress, we will affirm the criminal judgment entered by the District Court.